AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

United States of America )
v. )
Joseph Louis Camino ) Case No. 1:24-MJ-0104
)
)
)
_____ )
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 16, 2024__ in the county of __Dauphin__ in the __Middle__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a) and (b) | Assault on a Federal officer |
| 18 U.S.C. § 930(b) | Possession of a dangerous weapon in a Federal facility with intent that the weapon be used in the commission of a crime |
| 18 U.S.C. § 930(e)(1) | Possession of a dangerous weapon in a Federal court facility |

This criminal complaint is based on these facts:

I, Christopher T. Nawrocki, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher T. Nawrocki, Special Agent, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __12/17/2024__

_____
Judge's signature

City and state: __Harrisburg, PA__   Daryl F. Bloom, Chief U.S. Magistrate Judge
Printed name and title

## CONTINUATION PAGES FOR CRIMINAL COMPLAINT

## Introduction and Agent Background

1. (con't) I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since February 2001. I am currently assigned to the Philadelphia Division of the FBI, Harrisburg Resident Agency.

2. As a Special Agent, I am a criminal investigator authorized to conduct criminal investigations for offenses in violation of various federal statutes including but not limited to narcotics trafficking, violent street gangs, firearms offenses, bank robberies, armed robberies, and other violent offenses. I am a member of the FBI Capital City Violent Crime Task Force. This task force conducts investigations with federal, state, and local authorities.

3. I submit this affidavit of probable cause in support of a criminal complaint and arrest warrant for Joseph Louis Camino who, on or about December 16, 2024, knowingly and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with Adult Victim 1 (AV1), a Court Security Officer and sworn Special Deputy U.S.

Marshal and a person designated in Title 18, United States Code, Section 1114, while AV1 was engaged in, and on account of, the performance of AV1's official duties, and in committing this offense Joseph Louis Camino brandished a dangerous weapon, to wit, a knife, and threatened bodily injury to AV1, all in violation of Title 18, United States Code, Section 111(a) and (b).

4. I also submit this affidavit in support of a criminal complaint charging Joseph Louis Camino with the offenses of knowingly possessing a dangerous weapon in a Federal facility with the intent to use the dangerous weapon in the commission of a crime, in violation of Title 18, United States Code, Section 930(b); and knowingly possessing or causing to be present a dangerous weapon in a Federal court facility, in violation of Title 18, United States Code, Section 930(e)(1).

5. This affidavit is intended to show only that there is probable cause for the requested complaint and arrest warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals involved in the investigation (including other law enforcement officers), interviews of witnesses, a review of records

related to this investigation (including video footage), communications with others who have knowledge of the events and circumstances described in this affidavit, and information I gained through my training and experience.

## Applicable Law

6. 18 U.S.C. § 111(a) prohibits a person from forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Section 1114 defines the persons protected under 18 U.S.C. § 111 to include "any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance[.]"

7. Any person who commits a violation of 18 U.S.C. § 111(a) while using a deadly or dangerous weapon or inflicts bodily injury shall be fined or imprisoned not more than 20 years, or both. Courts define a "dangerous weapon" as an object that is either inherently dangerous or

3

is used in a way that is likely to endanger life or inflict great bodily harm. *See, e.g., United States v. Anchrum*, 590 F.3d 795, 802 (9th Cir. 2009); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc); *United States v. Sturgis*, 48 F.3d 784, 787-88 (4th Cir. 1995); *United States v. Gibson*, 896 F.2d 206, 210 & n.1 (6th Cir. 1990). "Inherently dangerous" weapons are those that are "obviously dangerous" such as "guns, knives, and the like." *Smith*, 561 F.3d at 939. And "objects that have perfectly peaceful purposes may be turned into dangerous weapons" when used in a manner likely to cause bodily harm. *United States v. Chansley*, 525 F. Supp. 3d 151, 162 (D.D.C. 2021) (quoting *United States v. Rocha*, 598 F.3d 1144, 1154 (9th Cir. 2010)).

8.   18 U.S.C. § 930(b) provides in relevant part that whoever, with the intent that a dangerous weapon be used in the commission of a crime, knowingly possesses or causes to be present such dangerous weapon in a Federal facility, or attempts to do so, shall be fined or imprisoned not more than five years, or both.

9.   18 U.S.C. § 930(e)(1) makes it an offense for a person to knowingly possess or cause to be present a firearm or other dangerous

4

weapon in a Federal court facility. Such offense is punishable by a fine or imprisonment for not more than two years, or both.

## Statement of Probable Cause

10. In or about 1989, Joseph Louis Camino was convicted of third-degree murder, burglary, and robbery in the Pennsylvania Court of Common Pleas (Indiana County) and was sentenced to a 25-to-60-year term of imprisonment.

11. During Camino's imprisonment, he filed four federal civil actions in the United States District Court for the Middle District of Pennsylvania, alleging violations of his civil rights and other claims relating to his incarceration at prisons in the Commonwealth of Pennsylvania (M.D. Pa. Nos. 1:98-cv-328, 1:98-cv-1019, 1:98-cv-1710, and 1:17-cv-1088). The docket records reflect that each of these civil actions was dismissed upon orders entered by United States District Judge Sylvia H. Rambo.

12. Camino was paroled from his state prison sentence on or about May 8, 2024.

5

13. Since being released on parole, Camino has been living in a halfway house in Braddock, Pennsylvania.

14. On December 15, 2024, at approximately 8:15 a.m., Camino departed the halfway house. Camino was required to return by 8:00 p.m. the same day but did not return.

15. Around 8:30 a.m. on December 16, 2024, Camino entered the front doors of the Sylvia H. Rambo United States Courthouse at 1501 North 6th Street, Harrisburg, Pennsylvania and approached Court Security Officers who were assigned to the entryway of the courthouse. Camino's arrival at and entry into the courthouse was recorded by courthouse video. On that video, Camino can be seen having a brief conversation with AV1 before exiting the courthouse. The video shows that after leaving, Camino sat briefly outside of the courthouse near the front entrance.

16. A few moments later, video shows Camino placing an object in his right hand and then placing his hand in his right front jacket pocket.

17. Video footage then shows Camino reentering the courthouse, approaching the area near the entrance where Court Security Officers were stationed, and almost immediately brandishing a knife in his right hand while lunging at and attempting to stab AV1.

18. In response to this incident, another Court Security Officer drew his firearm, ordered Camino to drop the knife, and then—when Camino did not comply—shot Camino inside the entryway to the courthouse. Camino was apprehended, provided medical care, and transported via ambulance to a local hospital.

19. The knife that Camino used during the assault had a blade longer than 2 ½ inches and is depicted below:



20. AV1 and all Court Security Officers who work at and within the Sylvia H. Rambo United States Courthouse are employed as Court Security Officers and are sworn Special Deputy U.S. Marshals who assist the United States Marshal in the performance of his duties, which include overseeing the security of the Sylvia H. Rambo United States Courthouse. As such, AV1 and other Court Security Officers who work at and within the Sylvia H. Rambo United States Courthouse are officers or employees of the United States or of an agency in a branch of the United States Government, and are subject to the protections of Title 18, United States Code, Section 111. *See* 18 U.S.C. §§ 111(a)(1) and 1114(a).

21. The Sylvia H. Rambo United States Courthouse constitutes both a "Federal facility" and a "Federal court facility" within the definitions provided in 18 U.S.C. § 930(g)(1) and 930(g)(3).

## Conclusion

22. Based upon the foregoing, I have probable cause to believe, and I do believe, that on or about December 16, 2024, Joseph Louis Camino:

- knowingly and forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with AV1, a Court Security Officer and sworn Special Deputy U.S. Marshal and a person designated in Title 18, United States Code, Section 1114, while AV1 was engaged in, and on account of, the performance of AV1's official duties, and in committing the offense, Joseph Louis Camino used a deadly or dangerous weapon, all in violation of Title 18, United States Code, Section 111(a) and (b);

- knowingly possessed a dangerous weapon in a Federal facility, with the intent that the dangerous weapon be used in the commission of a crime, in violation of Title 18, United States Code, Section 930(b); and

9

- knowingly possessed a dangerous weapon in a Federal court facility, in violation of Title 18, United States Code, Section 930(e)(1).

I therefore request that the Court issue a criminal complaint and arrest warrant for Joseph Louis Camino.